United States District Court
Southern District of Texas

**ENTERED**

June 09, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION



| | |
|---|---|
| NUCOR CORPORATION d/b/a Vulcraft – Texas, §<br><br>    Plaintiff, §<br><br>VS. §<br><br>AMADOR REQUENEZ d/b/a Valley Welding Service; D. WILSON CONSTRUCTION COMPANY; GREAT AMERICAN INSURANCE COMPANY; and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, §<br><br>    Defendants. §<br>AMADOR REQUENEZ d/b/a Valley Welding Service, §<br><br>    Counter-Plaintiff, §<br><br>VS. §<br><br>NUCOR CORPORATION d/b/a Vulcraft – Texas, §<br><br>    Counter-Defendant. § | CIVIL ACTION NO. 7:20-cv-00345 |

## OPINION AND ORDER

The Court now considers "Counter-Plaintff [sic] Amador Requenez DBA Valley Welding Service's Motion for Leave to File Second Amended Counter-Claim Against Counter-Defendant Nucor Corporation DBA Vulcraft-Texas."[1] Although Defendant/Counter-Plaintiff failed to comply with Local Rule 7.2, its motion is unopposed,[2] and so is considered as soon as

---

[1] Dkt. No. 31.
[2] *Id.* at 5.

practicable.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Counter-Plaintiff's motion to amend.

This case began with Plaintiff/Counter-Defendant Nucor Corporation d/b/a Vulcraft–Texas's (Vulcraft's) claims against Defendant/Counter-Plaintiff Amador Requenez d/b/a Valley Welding Service (Valley Welding), *inter alia*, for an alleged breach of contract in failing to pay for "the supply of steel joists and deck to the Project," which was to construct the Pharr Aquatic Facility.[4] Valley Welding counterclaims that Vulcraft failed to construct the steel joists according to agreed project specifications and is therefore allegedly liable for breach of contract, among other things.[5]

In the instant motion, Valley Welding explains that the parties have engaged in discovery since the issuance of the Court's scheduling order, and Valley Welding asserts that it learned through discovery that Vulcraft was aware of the project specifications it allegedly failed to live up to.[6] Valley Welding seeks leave to file its second amended counterclaim in light of the revealed information to incorporate facts and add "claims for negligent representation of a material fact and intentional misrepresentation of a material fact."[7]

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings once as a matter of course and thereafter only with "the opposing party's written consent or the court's leave." Valley Welding has already availed of its one amendment as a matter of course,[8] and opposing parties' mere non-opposition to Valley Welding's motion for leave to amend does not constitute "written consent,"[9] so Valley Welding requires the Court's leave to amend. The Court

---

[3] LR7.2.
[4] Dkt. No. 1 at 5, ¶ 31.
[5] Dkt. No. 13 at 10, ¶ 68.
[6] Dkt. No. 31 at 3, ¶ 7.
[7] *Id.* ¶ 8.
[8] *See* Dkt. Nos. 10, 13.
[9] FED. R. CIV. P. 15(a)(2).

considers the following five warning factors that weigh against granting leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[10] As to the fifth factor, the Fifth Circuit has held that that courts "need not indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[11] Absent such warning factors, the Court should freely grant the requested leave.[12] Nonetheless, the decision whether to grant leave to amend lies within the Court's sound discretion; it is not an automatic entitlement.[13]

Valley Welding seeks to assert two new claims against Vulcraft for negligent and intentional misrepresentation.[14] The Court finds that the relevant allegations are substantially identical. Valley Welding alleges in its proposed second amended complaint that Vulcraft represented, "in the course of entering into a contract" for the construction of the Pharr Aquatic Facility, that Vulcraft would construct steel joists meeting the applicable American Welding Society standard as outlined in the project engineering specifications, but Vulcraft later submitted a purchase order that provided for Vulcraft's construction of steel joists meeting the different Steel Joist Institute standards.[15] Valley Welding claims Vulcraft failed to meet its duty to communicate the change in joist standards and that Vulcraft's misrepresentation caused Valley Welding to suffer damages in reliance on Valley Welding's assumption that Vulcraft would meet the American Welding Society standards as initially agreed.[16]

---

[10] *SGK Props., L.L.C. v. U.S. Bank NA*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

[11] *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)).

[12] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

[14] Dkt. No. 31-1 at 6–9, ¶¶ 23–37.

[15] *Compare* Dkt. No. 31-1 at 6–7, ¶¶ 24–25, *with* Dkt. No. 31-1 at 8, ¶¶ 32–33.

[16] Dkt. No. 31-1 at 7–9, ¶¶ 26–37.

Because Valley Welding's claims for intentional and negligent misrepresentation are substantially identical, they must meet the heightened Federal Rule of Civil Procedure 9(b) fraud pleading standard.[17] "The Fifth Circuit has interpreted [Rule] 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[18] If a claimant alleges misrepresentation by omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[19] In Texas, a claim for either intentional or negligent misrepresentation "require[s] an allegation that the defendant provided false information."[20]

The Court holds, upon review of Valley Welding's proposed counterclaim, that it does not satisfy the Rule 9(b) pleading standard and would be futile for failure to state a claim. Valley Welding's chief allegation is that Vulcraft's purchase order "unilaterally substituted and materially altered the specifications of the steel joists" and:

> Without specifically notifying [Valley Welding] that it would be be [sic] using the Steel Joist Institute ("SJI") standards instead, [Vulcraft] deceptively included the different standard in the "Purchase Order" in fine print that was difficult to read and was completely inconsistent with what [Vulcraft] had originally agreed to.[21]

But nothing in Valley Welding's allegations identifies a false or fraudulent statement uttered by Vulcraft or identifies the way in which omitted facts made Vulcraft's representations misleading. To the contrary, Valley Welding alleges that Vulcraft straightforwardly explained its intentions

---

[17] *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)); *see Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 140 n.5 (Tex. App.—Corpus Christi 2010, pet. denied) (holding that "intentional misrepresentation" is a claim for fraud).
[18] *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020) (Alvarez, J.) (quotation omitted).
[19] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004) (quotation omitted).
[20] *Diamond Offshore Co. v. Survival Sys. Int'l*, 902 F. Supp. 2d 912, 930 (S.D. Tex. 2012) (Miller, J.).
[21] Dkt. No. 31-1 at 8, ¶ 33.

with respect to the steel joist standards in its purchase order. In short, Valley Welding simply fails to allege that Vulcraft provided false information.[22] If Valley Welding intends to claim negligent or intentional misrepresentation by omission, Valley Welding fails to "explain why the statements were fraudulent."[23] Moreover, Valley Welding's proposed additional claims for intentional and negligent misrepresentation may be barred by the economic loss rule.[24]

Because "[a] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile,"[25] the Court holds that Valley Welding's proposed amended counterclaim would be futile for failure to state a claim. Because Valley Welding does not seek leave to amend for an alternative reason,[26] the Court **DENIES** Counter-Plaintiff Valley Welding's motion for leave to file its second amended counterclaim without prejudice.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of June 2021.

_____
Micaela Alvarez
United States District Judge

---

[22] *See supra* note 20.
[23] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).
[24] *See Shrieve Chem. Prod., Inc. v. Caremoli*, No. 4:16-cv-2173, 2018 WL 1558273, at *4 (S.D. Tex. Jan. 4, 2018) (Hittner, J.).
[25] *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999)).
[26] *See* Dkt. No. 31 at 2–3, ¶¶ 7–8.